# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GABRIEL LOPEZ, | * |
| | * |
|     Petitioner, | * |
| | * CIVIL ACTION NO. 10-00242-WS |
| vs. | * CRIMINAL NO. 06-00142-WS-B |
| | * |
| UNITED STATES OF AMERICA, | * |
| | * |
|     Respondent. | * |

## REPORT AND RECOMMENDATION

Petitioner Gabriel Lopez, a federal inmate proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Docs. 156, 157). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8 of the Rules Governing Section 2255 Cases. Following a careful review of the record, it is recommended that the instant petition be dismissed, without prejudice, because it is premature.

## FINDINGS OF FACT

On October 26, 2006, Petitioner Lopez was convicted by a jury in this Court of two (2) counts of conspiracy to possess with intent to distribute methamphetamine "ice," for which he received a sentence of life imprisonment as to each count, to be served concurrently. (Docs. 64, 99). Subsequently, on June 19, 2009, Lopez filed a Notice of Appeal (Doc. 102); however, on October 5, 2009, District Judge William Steele issued an order finding Lopez's Notice of Appeal untimely. (Doc. 116). Lopez filed, on October 22,

2009, a second written Notice of Appeal (Doc. 118) and, on November 13, 2009, a Motion for Leave to Appeal In Forma Pauperis (Doc. 126). On January 8, 2010, Judge Steele adopted the Magistrate Judge's Report and Recommendation, denying Lopez's motion for leave to appeal in forma pauperis. (Docs. 128, 131). Lopez appealed, and on February 6, 2010, the Court of Appeals for the Eleventh Circuit granted Lopez's motion for leave to appeal in forma pauperis because it determined that his appeal was not frivolous. (Doc. 135). Lopez's appeal is currently pending before the appellate court.

On or about May 6, 2010, Lopez filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255. (Docs. 156, 157). In his motion, Lopez alleges that he received ineffective assistance of counsel when counsel failed to file a notice of appeal, failed to preserve his appellate rights, and failed to explain or translate relevant documents in his case into his native language, namely Spanish.[1] Lopez also contends that because pertinent documents were not translated into Spanish, his due process rights were violated because he cannot speak, read, or write the English language. (Id.) On May 19, 2010, Respondent filed a Motion to Dismiss, wherein it asserts that because Lopez's

---

[1] The record reflects that Lopez was represented at various times throughout his criminal proceedings by attorneys Dom Soto, Martin Miller Poynter, Virginia Parker, Will Phillips, and R.A. Bucky Thomas.

direct appeal is presently pending before the Eleventh Circuit Court of Appeals, his habeas petition is due to be dismissed because this Court lacks jurisdiction over Lopez's § 2255 motion. (Doc. 164).

**CONCLUSIONS OF LAW**

To state a claim for relief under § 2255, a petitioner must show that one of the following occurred: (1) the sentence was "imposed in violation of the Constitution or laws of the United States"; (2) the "court was without jurisdiction to impose such sentence"; or (3) the "sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 further requires that a federal prisoner file a § 2255 motion to vacate his sentence within one year of, *inter alia*, the date his judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Ordinarily, a conviction becomes final once the opportunity for direct appeal has been exhausted. Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).[2]

The general rule is that, absent extraordinary circumstances, criminal defendants may not seek collateral relief, including the filing of a § 2255 motion, during the pendency of a direct appeal, as the disposition of the appeal may render the motion moot. United

---

[2] A careful reading of § 2255, and relevant case law, suggests that a request for habeas relief should follow a request for relief via direct appeal. See 28 U.S.C. § 2255(f); Akins, 204 F.3d at 1089 n.1; Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001).

3

States v. Khoury, 901 F.2d 975, 976 n.1 (11th Cir.), modified on other grounds, 910 F.2d 713 (11th Cir. 1990); Welsh v. United States, 404 F.2d 333 (5th Cir. 1968)[3] ("A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot"); United States v. Casaran-Rivas, 311 Fed. Appx. 269, 272 (11th Cir. 2009) (unpublished) ("[A]bsent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief... [T]he district court should have dismissed [the] ... motion as premature."); Capaldi v. Pontesso, 135 F.3d 1122, 1124 (6th Cir. 1998) ("[I]n the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal"); United States v. Davis, 604 F.2d 474, 484 (7th Cir. 1979) ("Ordinarily a [§] 2255 action is improper during the pendency of an appeal from the conviction"); Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970) ("Except under most unusual circumstances, not here present, no defendant in a federal criminal prosecution is entitled to have a direct appeal and a § 2255 proceeding considered

---

[3]The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

4

simultaneously in an effort to overturn the conviction and sentence").

Accordingly, based upon the relevant case law, it is clear that collateral relief and direct appeal relief ordinarily cannot be pursued simultaneously, as the result of a direct appeal might render a habeas petition unnecessary or moot. See Khoury, 901 F.2d at 976. In this case, as indicated above, Lopez's direct appeal is currently pending before the Eleventh Circuit. Absent extraordinary circumstances, this Court is without jurisdiction to entertain Lopez's § 2255 motion during the pendency of his direct appeal. A review of Lopez's motion to vacate, set aside, or correct sentence (Docs. 156, 157) reveals no such extraordinary circumstances warranting immediate review. Accordingly, the undersigned is of the opinion that Respondent's motion is due to be granted, and Lopez's § 2255 motion should be dismissed. See Alaeldin v. United States, 2005 U.S. Dist. LEXIS 34628, *2 (M.D. Fla. Dec. 7, 2005) ("This Court lacked jurisdiction to consider the 2255 motion when filed, due to the pending appeal; the motion could in fact have been dismissed on that ground.").

## **CONCLUSION**

For these reasons, the undersigned recommends that this Court dismiss, without prejudice, Gabriel Lopez's petition under 28 U.S.C. § 2255 as prematurely filed. The dismissal is without prejudice to Lopez's right to file a new habeas petition after the

disposition of his direct appeal.

The attached sheet contain important information regarding objections to this Report and Recommendation.

**DONE** this **20th** day of **May, 2010.**

                                       /S/ SONJA F. BIVINS
                                **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. *Objection*. Any party who objects to this recommendation, or anything in it, must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[4]The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

2. ***Transcript (applicable Where Proceedings Tape Recorded)***. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.