# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

GABRIEL LOPEZ,                    :

                            :

    Petitioner,          :

                            : CRIMINAL NO. 06-00142-WS-B

vs.                          : CIVIL ACTION NO. 11-00735-WS-B

                            :

UNITED STATES OF AMERICA,     :

                            :

    Respondent.         :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (Doc. 174), Petitioner's Memorandum in Support thereof (Doc. 175), the Government's Response in Opposition thereto (Doc. 180), and Petitioner's Reply. (Doc. 189). Also pending before the Court is Petitioner's "Motion Preserving Title 28 U.S.C. § 2255 Ineffective Assistance of Counsel Additional Issues Until Counsel's Failure to File Direct Appeal Issue Has Been Properly Resolved" (Doc. 190) (hereinafter referred to as "Motion to Preserve") and Petitioner's motion for appointment of counsel. (Doc. 188). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section

2255 Cases and is now ready for consideration.[1] Having carefully reviewed the record, the undersigned finds that no evidentiary hearing is necessary for disposition of this matter. The undersigned hereby recommends that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 be dismissed as time-barred and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Gabriel Lopez. The undersigned also recommends that Petitioner's Motion to Preserve (Doc. 190) be denied as moot and that should Lopez file a certificate of appealability, it should be denied as he is not entitled to appeal *in forma pauperis*. Finally the Court denies Lopez's motion for appointment of counsel. (Doc. 188).

## I. PROCEDURAL BACKGROUND

On June 29, 2006, Gabriel Lopez was indicted for conspiracy to possess with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1), and possession with

---

[1] The Honorable United States District Judge William H. Steele presided over the trial and sentencing in this action. This matter has been referred to the Undersigned Magistrate Judge for entry of a Report and Recommendation. The Undersigned has reviewed Petitioner's motion and related documents, the trial and sentencing transcript, and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings before Judge Steele.

intent to distribute methamphetamine, 21 U.S.C. § 846(a)(1). (Doc. 11). Lopez's trial commenced on October 16, 2006. After two days of trial, he was found guilty on both counts. (Doc. 64). Approximately two months after trial, Lopez's trial counsel withdrew, and R.A. "Bucky" Thomas and Will Phillips appeared on his behalf. (Doc. 79). At his sentencing hearing conducted on October 5, 2007, Lopez was sentenced to life in prison. (Doc. 99). After announcing his sentence, Judge Steele stressed to Lopez that he had 10 days from the date of judgment to file any notice of appeal. (Doc. 160 at pp. 14-15). Judgment was entered on October 29, 2007. (Doc. 99).

On June 15, 2009, more than 19 months after entry of judgment, Lopez, proceeding pro se, filed a "Late Notice of Appeal."[2] (Doc. 102). On October 5, 2009, District Judge William Steele issued an order finding Lopez's Notice of Appeal untimely. (Doc. 116). In denying Lopez's untimely appeal, the trial Court noted that judgment was entered on October 29, 2007, and that excluding any weekends and

---

2 Although the notice motion was docketed on June 19, 2009, under the "mailbox rule," the court deems the motion filed on the date Lopez delivered it to prison authorities for mailing, presumptively, June 15, 2009, the day that he signed it. See Houston v. Lack, 487 U.S. 266, 271-72, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

holidays, the deadline for filing Lopez's notice of appeal was November 12, 2007. (Id. at 1). The Court observed that upon a finding of excusable neglect or good cause, the court was empowered to extend the time for filing the notice of appeal to a period not exceeding 30 days, and because the 30 day period expired on December 12, 2008, the Court had no authority to extend the time to file Lopez's appeal beyond that provided by Rule 4(b). (Id.)

Additionally, the Court noted that Lopez had not alleged that he had requested his attorney to file an appeal, or that his attorney had any duty to appeal; thus, the Court determined that Lopez's Notice of Appeal could not be construed as a motion to vacate his sentence under 28 U.S.C. § 2255. (Id. at 2). The Court went on to conclude that even if Lopez's Notice of Appeal could be construed as a motion to vacate, it would nevertheless be untimely. The Court noted that Lopez had a one-year period for filing his habeas petition, and that the limitations period expired on November 12, 2008, which was over seven months before he filed his Notice of Appeal. (Id.). The Court also found that Lopez did not assert any grounds which would support a tolling of the habeas limitations period. Thus, Lopez's Notice was deemed untimely. (Id.)

On October 15, 2009, Lopez filed a second Notice of

Appeal, followed by a Motion for Leave to Appeal In Forma Pauperis. (Docs. 118, 126). On January 8, 2010, Judge Steele adopted the Magistrate Judge's Report and Recommendation denying Lopez's Motion for Leave to Appeal In Forma Pauperis. (Docs. 128, 131). Lopez appealed this ruling and, on February 6, 2010, the Eleventh Circuit Court of Appeals held that Lopez's appeal was not frivolous, granted his Motion for Leave to Appeal In Forma Pauperis, and granted him counsel. (Doc. 135). On May 2, 2010, while his appeal was pending, Lopez filed his first Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 and on May 3, 2010, he filed a memorandum in support thereof. (Docs. 156, 157).[3] In his motion, he argued that he received ineffective assistance of counsel before, during, and after his trial and sentencing and that his due process rights were violated because the documents that were used as evidence and other pertinent documents were not translated into Spanish. (Id.) On May 19, 2010, the Government filed a motion seeking dismissal of Lopez's § 2255 motion based on the fact that Lopez's direct appeal was pending in the Eleventh Circuit. (Doc. 164). On June 23, 2010, Lopez's § 2255 motion was dismissed without

---

[3] Although the motion and memorandum were docketed by the Clerk on May 6, 2010, it appears that Lopez signed them on May 2nd, and 3rd, respectively.

prejudice, as premature because the Court was without jurisdiction to entertain the petition during the pendency of his direct appeal. (Docs. 165, 169). On October 26, 2010, the Eleventh Circuit Court of Appeals dismissed Lopez's appeal as untimely. (Doc. 173).

On September 28, 2011, Lopez filed a § 2254 motion in the Central District of California seeking to vacate a judgment of conviction, based on his guilty plea in California state court for, *inter alia*, possession for sale of cocaine base, that was entered on February 22, 2002. (Doc. 182). On the same date, Lopez filed a separate § 2254 motion in the Central District of California seeking to vacate a judgment of conviction, based on his guilty plea in California state court for, *inter alia*, possession of cocaine, that was entered on February 24, 2002. (Doc. 183). Subsequently, on October 25, 2011, Lopez filed, with this Court, his second Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 seeking to vacate or modify his conviction and sentence that was entered in this Court on October 29, 2007. (Doc. 174). Lopez raised the following grounds in support of his motion: (1) ineffective assistance of trial and sentencing counsel, (2) violation of his Fifth and Sixth Amendment rights during the sentencing, (3) failure of the Court to solicit fully

6

articulated objections upon the close of the sentencing hearing, (4) unreasonableness of his life sentence, and (5) insufficiency of the evidence at trial. (Docs. 174, 175, 176). On September 30, 2013, Lopez filed a "Motion Preserving Title 28 U.S.C. § 2255 Ineffective Assistance of Counsel Additional Issues Until Counsel's Failure to File Direct Appeal Issue Has Been Properly Resolved." (Doc. 190).

On January 30, 2012, Lopez's two 28 U.S.C. § 2254 motions that were originally filed in California were transferred by the United States District Court for the Central District of California to this Court. (Docs. 182, 183). In transferring the two motions, the Court in California held that because Lopez was not currently in custody pursuant to the 2002 California state drug convictions, his motions under § 2254 were not proper. The California court further found that since Lopez was seeking to challenge his current sentence, based on his contention that his sentencing before this Court was improperly enhanced by his "unconstitutional" 2002 state court convictions, the motions could be construed as § 2255 petitions, and thus, transferred the motions to the Southern District of Alabama. (Docs. 182, 183). On May 21, 2012, Lopez's § 2254 actions were consolidated with the

instant action for purposes of determining whether they may be deemed to be valid amendments to the instant § 2255 habeas petition pending before this Court. (Doc. 181).

## II. DISCUSSION

Lopez argues that his conviction and sentence should be vacated, set aside, or corrected for the following reasons: (1) his counsel rendered constitutionally ineffective representation, (2) his fifth and sixth amendment rights were violated during the sentencing, (3) the Court failed to solicit fully articulated objections upon the close of the sentencing hearing, (4) his life sentence is unreasonable, and (5) the evidence at trial was insufficient. (Docs. 174, 175, 176). Respondent USA argues that Lopez's motion is due to be denied because the claims are either procedurally defaulted, not cognizable on habeas review, and/or not supported by the record.

Even though not raised by Respondent, the threshold issue that must be considered by this Court is whether Lopez's § 2255 motion was timely filed. A district court may consider the statute of limitations bar *sua sponte* if the Government does not deliberately waive the limitations defense. Wood v. Milyard, __ U.S. __, 132 S. Ct. 1826, 1830, 182 L. Ed. 2d 733 (2012); Day v. McDonough, 547 U.S. 198, 202, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006). See

also <u>Jackson v. United States</u>, 2012 U.S. Dist. LEXIS 78568, 2012 WL 2047529 at *1, n.2 (N.D. Ala. Apr. 27, 2012)(quoting <u>Guitierrez v. United States</u>, No. 09-21824-CIV., 2009 WL 4722805, at *2 (S.D. Fla. Dec. 8, 2009)("Courts may sua sponte consider the issue of the timeliness of a motion to vacate even when the statute of limitations is not pleaded as a defense by the respondent.")). Here, there is no indication that the Government deliberately waived the statute of limitations defense.

A § 2255 motion to vacate a federal sentence is subject to a one-year statute of limitations. Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255, the limitations period begins running from the latest specified dates, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

Supreme Court and  made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In most cases, the trigger is the date upon which the judgment of conviction became final, under 28 U.S.C. § 2255(f)(1).  As noted *supra*, Judge Steele previously determined that Lopez's conviction in this Court became final on November 12, 2007, ten days (excluding holidays and weekends) after judgment was entered, and that the one-year limitation for filing a § 2255 petition expired one year later, on November 12, 2008.  Therefore, the last day that Lopez could have timely filed his § 2255 petition was November 12, 2008.  Lopez, however, did not file any § 2255 motion until May 3, 2010, which was more than 17 months after his time for filing had expired.[4] (Doc. 156).  Because Lopez clearly did not file within the time period provided in § 2255(f)(1), the Court must consider whether one of the savings clauses applies.

The AEDPA provides three ways in which the one-year

---

[4] Giving Lopez the benefit of the doubt, this Court will assume for purposes of determining this matter only, and explicitly without deciding, that the filing of Lopez's instant § 2255 motion currently before the Court relates back to the date of filing of Lopez's first § 2255 motion.

limitation period may be extended.  28 U.S.C. § 2255(f)(2),

(3), and (4).  Lopez contends, with little or no support,

that §§ 2255(f)(2) and (4) apply in this case.  The Court

is not persuaded by either of his arguments.  He appears to

base his first argument on his contention that he was "on

transport" for almost two years before finally arriving at

the United States Penitentiary in Atwater, California on

May 3, 2009 and, because of this, he was not able to file

his motion to vacate prior to arriving at his current place

of incarceration.  (Doc. 157 at p. 25).  However, the

record shows that between his sentencing and May 3, 2009,

Lopez spent time at a facility in Uniontown, Alabama, as

well as in Atlanta, Georgia.  Thus, he was clearly not in

actual transport for almost two years as he contends.

Further, Lopez provides no evidence as to how his being

incarcerated in various facilities resulted in an

"impediment to making a motion created by governmental

action in violation of the Constitution or laws of the

United States. . . ."  28 U.S.C. § 2255(f)(2).  Therefore,

he is not entitled to an extension of time to file on this

ground.  See Akins v. United States, 204 F.3d 1086, 1090

(11th Cir. 2000)(holding that in order to prevail under §

2255(f)(2), an alleged governmental impediment must be

unconstitutional, one that is "not 'reasonably related to

legitimate penological interests.'").

Section 2255(f)(4) provides that the one-year limitation period shall, in the alternative, run from "(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Closely related to this exception to the standard time for filing is the equitable doctrine of tolling. In "rare and exceptional circumstances," the time for filing may be extended under the doctrine of equitable tolling. Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009). Equitable tolling is only appropriate "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999), cert. denied, 531 U.S. 971 (2000)(emphasis added). Lopez appears to argue that he is entitled to file his § 2255 motion out of time (1) because, as noted above, he was "on transport" for two years and (2) because he received ineffective assistance of counsel because his attorney did not file a notice of appeal.

It is well established that "[t]he petitioner bears the burden of showing that equitable tolling is warranted." Hunter, 587 F.3d at 1308. The Court is not persuaded by

either of Lopez's arguments.  As discussed above, at the sentencing hearing, Judge Steele clearly advised Lopez that he had ten days from the date of judgment to file any notice of appeal.  (Doc. 160 at pp. 14-15).  While Lopez contends that his attorney should have filed a notice of appeal on his behalf, he does not contend that he requested that the attorney file the notice, nor does he assert that he took any steps to determine whether an appeal had in fact been filed. (Doc. 157 at 17-21).  More importantly, Lopez offers no facts which suggest that any acts by his attorneys prevented him from timely filing his § 2255 petition.  Only Lopez can be held responsible for the late filing of his § 2255 petition because there is no constitutional right to counsel on collateral review. Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987)("we have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions.").  Thus, Lopez is not entitled to the extension granted by § 2255(f)(4) or to equitable tolling on this ground.

As to the second part of his argument, Lopez argues that he was in custody during the time that his filing period was running.  He has made absolutely no showing that any government authorities prevented him in any way from

filing his § 2255 motion or that his placement at interim facilities prevented him from filing his petition. Simply put, Lopez has not met the burden of showing that his delay in filing his § 2255 petition was beyond his control and unavoidable. See Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004)(holding that transfer from one prison to another is not an extraordinary circumstance that would normally invoke the doctrine of equitable tolling particularly when the petitioner has not shown any action on his part that would demonstrate the diligence required); accord Couch v. Talledega Circuit Courts, No. 1:11-cv-1737-JFG-MHH, 2013 WL 3356908, at *4-5 (N.D. Ala. July 3, 2013).

In addition, Lopez argues that his current motion is timely because he filed it within one year of the last denial of his appeal by the Eleventh Circuit. (Doc. 174 at p. 12). However, contrary to Lopez's argument, his untimely Notice of Appeal does not alter the Court's conclusion that his § 2255 motion was not timely filed. Given the fact that the time for filing Lopez's § 2255 petition had expired long before he filed his untimely Notices of Appeal, the untimely Notices did not toll the limitations period. "If filing a late appeal stopped the limitations clock from running, AEDPA would have no meaning as a criminal defendant could file an appeal at any time in

an effort to stop the clock so that a § 2255 action would be considered to be timely filed." Hinds v. United States, Civ. A. No. 12-0462-KD-M, 2012 WL 4856685, at *2 (S.D. Ala. Sept. 21, 2012). This Court finds that such a tactic would be contrary to the limitations period set forth in the AEDPA.

Finally, with respect to Lopez's motion for appointment of counsel, it is settled that there is no constitutional right to counsel in post-conviction proceedings, including habeas proceedings. See Coleman v. Thompson, 501 U.S. 722, 752, 111 S. Ct. 2546, 2566, 115 L. Ed. 2d 640 (1991); Henderson v. Haley, 353 F.3d 880, 892 (11th Cir. 2003); see also Saunders v. United States, 380 Fed. Appx. 959, 964, 2010 U.S. App. LEXIS 12861 (11th Cir. 2010) (there is no constitutional right to counsel in collateral proceedings); McBride v. Sharpe, 25 F.3d 962, 971 (11th Cir. 1994) ("In federal habeas proceedings, appointment of counsel prior to an evidentiary hearing is necessary only when due process or the 'interests of justice' require it."); see also Shultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983). A review of Lopez's § 2255 petition does not reveal anything which would warrant the unusual step of appointing counsel in this case. Thus, Lopez's request is denied.

III.  <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that no certificate of appealability should be issued in this case.  28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484

(2000).

Lopez's claim does not warrant the issuance of a Certificate of Appealability in this case. For the reasons discussed above, Lopez's claim was not timely filed. Under the circumstances, a reasonable jurist could not conclude that this Court is in error in invoking this procedural bar with respect to his claims. See Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). It is thus recommended that the Court deny any request for a Certificate of Appealability.

IV.  CONCLUSION

For the foregoing reasons, it is recommended that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 174) be dismissed as time-barred and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Gabriel Lopez. Given that Lopez's § 2255 petition should be dismissed as time-barred, it follows that the purported amendments to his petition, by way of the § 2254 petitions, should likewise be denied.

The Undersigned Magistrate Judge further finds that Lopez is not entitled to the issuance of a Certificate of Appealability. It is so recommended. In addition, the Court recommends that Lopez's Motion to Preserve (Doc. 190) be denied as moot. Finally, the Court denies Lopez's motion for appointment of counsel. (Doc. 188).

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this **3rd** day of **April, 2014**.

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**