IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 06-0142-WS |
| | ) | |
| GABRIEL LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

The defendant has filed a "true Rule 60(b) - & - 60(d)(1) independent motion attacking earlier habeas corpus judgment order." (Doc. 206). Some key dates and events relevant to the motion are recited below:

| | |
|---|---|
| October 29, 2007 | Judgment entered (Doc. 99) |
| June 19, 2009 | Notice of appeal filed (Doc. 102)[1] |
| May 6, 2010 | First motion to vacate filed (Doc. 156) |
| June 23, 2010 | Motion to vacate dismissed without prejudice due to pendency of direct appeal (Doc. 169) |
| October 26, 2010 | Eleventh Circuit order dismissing appeal of conviction and sentence as untimely (Doc. 173) |
| October 25, 2011 | Second motion to vacate filed (Doc. 174)[2] |
| April 22, 2014 | Motion to vacate dismissed as untimely (Doc. 194) |
| December 19, 2014 | Eleventh Circuit order ruling that second motion to |

---

[1] Under the prisoner mailbox rule, the filing date could be considered to be June 15, 2009. (Doc. 102 at 2).

[2] Under the prisoner mailbox rule, the filing date could be considered to be October 14, 2011. (Doc. 174 at 13).

[1]

|  |  |
|---|---|
|  | vacate "is plainly barred by § 2255(f)'s one-year statute of limitations" (Doc. 202) |
| January 6, 2016 | Instant motion filed (Doc. 206)[3] |

A petitioner may not use Rule 60(b) to circumvent the requirement of 28 U.S.C. § 2244(b)(3)(A) that he obtain appellate permission to pursue a second or successive petition. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005).[4]  But this rule bars only the use of Rule 60(b) to advance a habeas "claim," that is, "a new ground for relief" or an argument "that the court erred in denying habeas relief on the merits." *Id*. at 532.  A petitioner does not make a habeas claim in a Rule 60(b) motion "when he merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as [a] statute-of-limitations bar." *Id*. at 532 n.4.

The petitioner says he is "attacking the manner in which the earlier habeas judgment was procured." (Doc. 206 at 1).  To the extent this is correct, his motion may fall within the umbrella of Rule 60(b).  That is, if the petitioner challenges the determination that his motion to vacate was barred by the statute of limitations, Rule 60(b) might potentially apply.  For the most part, however, the petitioner simply repeats his claim that his lawyers disregarded his instructions to appeal and/or failed in their duty to consult with him regarding a possible appeal.  To this, he adds two apparently new claims – that the lawyer who appeared at sentencing was a "counterfeiter substituted" for his real counsel, and that his real counsel had a "conflict of interest" because he allowed a non-lawyer to discuss the pre-sentence investigation report with the defendant and to do other work "outside the scope of her capacities." (*Id*. at 2-3).  To the extent these latter two arguments are new claims for relief, they can be asserted only on a new motion to

---

[3] Under the prisoner mailbox rule, the filing date could be considered to be January 4, 2016.  (Doc. 206 at 4).

[4] Section 2244(b)(3)(A) applies to federal prisoners filing motions to vacate. *E.g., Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014).

vacate, which cannot be filed without first obtaining appellate permission to do so. 28 U.S.C. § 2255(h). But whether or not the petitioner's arguments constitute impermissible new claims, they do not address, much less undermine, the Court's ruling – affirmed by the Eleventh Circuit – that his motion to vacate was untimely filed.

Just before closing, the petitioner states that counsel failed to file a notice of appeal "as assured for in excess of 18-months (sentencing – through execution of judgment at USP-Atwater)." (Doc. 206 at 4). The Court will assume that this single sentence constitutes an effort to revisit the timeliness issue. Even if it is, it is too little, too late.

The one-year limitations period can run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). The petitioner's first motion to vacate[5] would have been timely had he filed it within one year of the date that he, using due diligence, could have discovered that no appeal had been filed. *E.g., Long v. United States*, 626 F.3d 1167, 1169 (11th Cir. 2010).

The petitioner's argument is too little because it does not reflect his exercise of due diligence. The question for limitations purposes is not when the petitioner did in fact realize that no appeal had been filed, but when, using due diligence, he *could have* realized that no appeal had been filed. A failure to inquire for over 1½ years can hardly be considered due diligence.

The petitioner appears to suggest his lawyers repeatedly "assured" him that an appeal had been filed, but the assertion is inconsistent with what he has told the Court throughout this litigation. The petitioner has repeatedly insisted he was "abandoned" by counsel, that counsel "left him to fend off on his own," and that there was a total

---

[5] The Court measured timeliness based on the first motion to vacate, not the second. (Doc. 192 at 10 n.4). The petitioner was delivered to USP-Atwater on May 4, 2009. (Doc. 100). Under the prison mailbox rule, his first motion to vacate could be considered as being filed on May 2, 2010. (Doc. 156 at 7).

"breakdown in communications." (Doc. 174 at 11; 193 at 3-5, 10). It is difficult to see how counsel could have repeatedly "assured" the petitioner they had filed an appeal when the petitioner denies communications with counsel. Moreover, the petitioner has claimed that he did "not kno[w] the status of his criminal appeal" until reaching USP-Atwater, (Doc. 193 at 2), which sounds inconsistent with his present insistence that counsel repeatedly assured him an appeal had been filed. In addition, the petitioner has previously (and repeatedly) said he was simply relying on his lawyers to file an appeal, without once suggesting they had ever told him they had done so. (Doc. 189 at 1; Doc. 190 at 2 & n.1; Doc. 193 at 2-3).

The petitioner's argument is too late because relief is not available under Rule 60(b)(6) just because a litigant chooses that vehicle to present for the first time evidence or argument that was available to him before his case was decided. Rule 60(b) lists five specific grounds for relief before Rule 60(b)(6)'s catch-all provision, and "motions under 60(b)(6) may not be supported by the same reasons that might support a motion under" these more specific provisions. *Branca ex rel. Branca v. Security Benefit Life Insurance Co.*, 773 F.2d 1158, 1164 (11th Cir. 1985) (Rule 60(b)(2)); *accord Cavaliere v. Allstate Insurance Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (Rule 60(b)(1)). This is true even when the movant cannot satisfy the requirements of the specific subsection. *E.g., Solaroll Shade and Shutter Corp. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986). As discussed below, the petitioner's assurance/due diligence argument falls within Rules 60(b)(1) and/or (2) and thus cannot be raised on his Rule 60(b)(6) motion.

Rule 60(b)(1) applies to claims of "mistake, inadvertence, surprise, or excusable neglect," while Rule 60(b)(2) applies to claims of "newly discovered evidence" that could not have been discovered earlier in the exercise of reasonable diligence. The petitioner is attempting to rely on new evidence (of counsel's assurances) to challenge the dismissal of his motion to vacate on timeliness grounds, which argument implicates Rule 60(b)(2). He cannot successfully invoke that rule, because he at all times would have been aware of any assurances made to him, so he must rely on Rule 60(b)(1) to excuse

[4]

his failure to present this known evidence previously.  This effort fails as well, because any neglect in not mentioning this information before judgment was entered – despite knowing that the Magistrate Judge's report and recommendation was expressly based on lack of due diligence, (Doc. 192 at 12-13) – was not excusable.

Moreover, even if the petitioner had some colorable basis for an argument under Rule 60(b)(1) or (2), his motion would be untimely as a matter of law.  Motions under Rules 60(b)(1) and (2) must be filed "no more than a year after the entry of the judgment or order."  Fed. R. Civ. P. 60(c)(1).  The judgment dismissing the motion to vacate as untimely was entered in April 2014, and the instant motion was not filed until January 2016, more than a year later.  Pursuing an appeal from the Court's order, as the petitioner attempted, "does not toll the time for making a 60(b) motion."  *Transit Casualty Co. v. Security Trust Co.*, 441 F.2d 788, 791 (5th Cir. 1971).[6]

"It is well established … that relief under [Rule 60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.  … The party seeking relief has the burden of showing that absent such relief, an extreme and unexpected hardship will result."  *Griffin v. Swim-Tech Corp.*, 722 F.3d 677, 680 (11th Cir. 1984) (citations and internal quotes omitted); *accord Galbert v. West Caribbean Airways*, 715 F.3d 1290, 1294 (11th Cir.), *cert. denied sub nom. Bapte v. West Caribbean Airways*, 134 S. Ct. 792 (2013).  This is a high enough standard on its own, but "[t]he Supreme Court has explained that extraordinary circumstances that warrant the reopening of a judgment will rarely occur in the habeas context …."  *Howell v. Secretary, Florida Department of Corrections*, 730 F.3d 1257, 1260 (11th Cir. 2013) (internal quotes omitted), *cert. denied sub nom. Howell v. Crews*, 134 S. Ct. 1376 (2014).  And even when extraordinary circumstances are shown, "whether to grant the requested relief is …

---

[6] "If the appeal results in a substantive change, then the time would run from the substantially modified order entered on mandate of the appellate court."  *Id*.  Here, however, the Eleventh Circuit agreed with the Court that the motion to vacate "is plainly barred by § 2255(f)'s one-year statute of limitations."  (Doc. 202).

a matter for the district court's sound discretion." *Cano v. Baker*, 436 F.3d 1337, 1342 (11th Cir. 2006) (internal quotes omitted).

As noted, the petitioner's assurance/due diligence argument falls outside Rule 60(b)(6) because it falls within Rules 60(b)(1) and (2). But even could his argument be considered as being properly raised under Rule 60(b)(6), he has not met the stringent bar of showing the existence of extraordinary circumstances justifying the rare remedy of reopening a judgment. Nor, even had such circumstances been shown, has he explained why the Court should exercise its discretion in favor of reopening the judgment. Finally, he has not demonstrated that his motion was brought within the "reasonable time" demanded of motions under Rule 60(b)(6). *See* Fed. R. Civ. P. 60(c)(1).

It is not clear whether the petitioner sincerely advances a Rule 60(d)(1) argument. At any rate, he has not alleged the essential elements for an independent action as contemplated by that rule, which include: (1) a judgment that ought not, in equity and good conscience, be enforced; (2) a good defense to the alleged cause of action; (3) fraud, accident or mistake which prevented the defendant in judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the defendant's part; and (5) the absence of any remedy at law. *Travelers Indemnity Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985). Moreover, a litigant "cannot use an independent action as a vehicle for the relitigation of issues," *id*. at 1552, and the petitioner is attempting to use Rule 60(d)(1) to relitigate the timeliness of his motion to vacate.

A certificate of appealability ("COA") is required in order to appeal the denial of a proper Rule 60(b) motion in a Section 2255 proceeding. *E.g., Hamilton v. Secretary, Florida Department of Corrections*, 793 F.3d 1261, 1265 (11th Cir. 2015) (citing cases). The Court is required to issue or deny a COA when it enters a final Rule 60(b) order against a petitioner. Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. The Court therefore addresses that question.

"A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). With

respect to grounds rejected on their merits, to obtain a COA the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  With respect to grounds rejected for procedural deficiencies, the petitioner must show that "jurists of reason would find it debatable both whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.  For the reasons set forth above, the Court concludes that jurists of reason would not find the Court's procedural assessment debatable.

For the reasons set forth above, the petitioner's motion is **denied**, and a COA from this ruling is also **denied**.

DONE and ORDERED this 24th day of February, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE