# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | )  CRIMINAL NO. 06-0142-WS |
| | ) |
| **GABRIEL LOPEZ,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This matter is before the Court on the defendant's motion for sentence reduction and compassionate release. (Doc. 229). The government has filed a response in opposition. (Doc. 232).[1] After careful consideration, the Court concludes the motion is due to be denied.

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ….

18 U.S.C. § 3582(c)(1)(A).

Relief under this provision, known as "compassionate release," thus contemplates satisfaction of four elements: (1) a proper motion; (2) a finding that extraordinary and compelling reasons for such relief exist; (3) a finding of consistency with Sentencing Commission policy statements; and (4) favorable consideration of the Section 3553(a) factors. The government argues that none of these elements are satisfied. The Court agrees.

---

[1] The government has also filed, at the Court's direction, the defendant's recent medical records. (Doc. 234). The government's motion for leave to file these documents under seal, (Doc. 233), is **granted**.

**I. Proper Motion.**

Section 3582(c)(1)(A) permits a motion for compassionate release to be brought either by the Bureau of Prisons ("BOP") or by the defendant. In this case, as in most, the motion is brought by the defendant. The statute permits the defendant to file such a motion in either of two situations: (1) after exhausting all administrative remedies to appeal the BOP's failure to bring such a motion on his behalf; or (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The defendant relies on the latter of these options.

The defendant checked a box on a form stating he had submitted a request for compassionate release to his warden, but he did not provide the date on which he submitted such a request, as the form requires. (Doc. 229 at 2). Nor did the defendant submit any evidence (such as a copy of the request, a copy of a confirmation of receipt, or a copy of any response by the warden) to confirm his submission. Moreover, the defendant made the contradictory assertions that the warden has and has not denied his request. (*Id.*). The Court under these circumstances cannot find that the defendant submitted a request for compassionate release to his warden, that he did so more than 30 days before filing this motion, or that he based any such request on the same grounds presented to the Court.

The government can waive a failure to comply with the 30-day requirement,[2] but it has not done so; on the contrary, the government expressly opposes relief for failure to comply with this requirement. (Doc. 232 at 7-10).[3] In light of the government's objection and the defendant's failure to show he has complied with the statutory requirement, his motion must be denied on that basis.

---

[2] *United States v. Harris*, 989 F.3d 908, 910-11 (11th Cir. 2021).

[3] The government offers what it calls a copy of a database search, (Doc. 232 at 30), "which indicates that Lopez has not submitted any requests for administrative remedies." (*Id.* at 5). Because this document is not self-explanatory, because it is unaccompanied by any explanation, and because it does not even mention the defendant by name or number, the Court cannot accept the document as affirmatively reflecting a failure to submit a compassionate release request.

**II. Eligibility.**

Congress delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Commission has done so. U.S.S.G. 1B1.13. The extraordinary and compelling reasons listed therein are the only ones that can support compassionate release, and district courts lack power to develop others. *United States v. Bryant*, 996 F.3d 1243, 1247-48 (11th Cir. 2021).

The defendant offers two grounds for compassionate release: (1) medical conditions that render him more susceptible to serious illness or death should he contract Covid-19; and (2) his ailing brother's need for his care. (Doc. 229 at 4-6). The Court considers these in reverse order.

The only "family circumstances" that can support compassionate release are: (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children"; and (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 application note 1(C). The illness of a sibling cannot support compassionate release. *Cf. United States v. McCray*, 2021 WL 6144164 at *2 (11th Cir. 2021) (retrieving the defendant's ailing mother from a nursing home, because it did not involve his child or partner, could not be an extraordinary and compelling reason for compassionate release).

The only "medical conditions of the defendant" that can support compassionate release are: (1) a "terminal illness"; and (2) "a serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 application note 1(A). The defendant does not purport to have a terminal illness. Instead, he asserts that he has an elevated body mass index ("BMI") and that he is a former smoker, and he argues that these circumstances increase his risk of severe illness or death should he contract Covid. (Doc. 229 at 4-5).

The defendant offers no evidence, or even non-evidentiary information, regarding his smoking history (such as how long he smoked, how much he smoked, or when he quit); nor does he assert that he has any medical condition (such as emphysema or other COPD) incident to his smoking history. The Court's review of the medical records produced by the government reveal

no indication of any breathing issue.[4]  A defendant "does not meet the standard for compassionate release due to a medical condition [when,] [w]hile he is a former smoker, there is no evidence that he currently smokes or has any underlying lung disease." *United States v. Sanchez*, 860 Fed. Appx. 679, 680 (11th Cir. 2021).

The defendant's medical records indicate a height of 64 inches and a weight of 184.2 pounds as of October 2021.  (Doc. 234 at 13).  According to the CDC website, this translates into a BMI of 31.6, in the category of obese (BMI of 30 or more).  The defendant does not assert that his BMI interferes with his ability to care for himself in a prison environment, and the Court detects no such indication in his medical records.  Because such interference is a necessary ingredient under application note 1(A)(ii), this failure is fatal to his assertion of an extraordinary and compelling reason for release, with or without a risk of contracting Covid.  *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (the "confluence of [a defendant's] medical conditions and COVID-19" does not create an extraordinary and compelling reason for compassionate release when those conditions "were manageable in prison, despite the existence of the COVID-19 pandemic"); *United States v. Lawson*, 2022 WL 152512 at *2 (11th Cir. 2022) (when the defendant failed to show that his medical issues diminished his ability to provide self-care in prison, "any confluence between [his] alleged asthma or his other conditions and COVID-19 does not warrant a finding of extraordinary and compelling reasons"); *United States v. Aldissi*, 2022 WL 16488 at *2 (11th Cir. 2022) (regardless of any risk of developing severe symptoms of Covid, relief is limited to those with conditions that presently diminish their ability to provide self-care in prison); *United States v. Adamson*, 2021 WL 3160845 at *2 (11th Cir. 2021) (denial of compassionate release upheld when the defendant had not shown that his obesity diminished his ability to provide self-care in a prison environment during the Covid pandemic); *United States v. Jordan*, 2021 WL 5112257 at *3 (11th Cir. 2021) (same); *United States v. Colley*, 2021 WL 3667222 at *2 (11th Cir. 2021) ("The district court was also correct that Colley's medical conditions – obesity and hypertension – did not constitute an extraordinary and compelling reason because it did not meet the criteria in" advisory note 1(A)); *United States v. Oneal*, 2021 WL 5894858 at *2 (11th Cir. 2021) ("A district court does not abuse its discretion

---

[4] In October 2021, the defendant denied any respiratory issues, and his oxygen saturation level (SaO2) was 99%.  (Doc. 234 at 4, 9, 13).

by denying compassionate release to an inmate with medical conditions that may increase the risk of death or severe medical complications from COVID-19 where the inmate's conditions do not fall within the policy statement's stated medical conditions.").[5]

In a concluding sentence, the defendant proposes that his sentence, rehabilitation, exposure to Covid, and ailing brother combine to constitute an extraordinary and compelling reason for compassionate release. (Doc. 229 at 7). Because no such potpourri of circumstances is listed in Section 1B1.13, they cannot support compassionate release. *Giron*, 15 F.4th at 1346-47.

In summary, the defendant is ineligible for compassionate release.

### III. Public Safety.

The Sentencing Commission's policy statement includes the requirement that "the court determin[e] that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). The Court concludes that the defendant is a danger to the safety of the community. The Court notes the following: (1) the defendant was convicted of possession of crack cocaine for sale in 2002; (2) he was deported but illegally re-entered the country in 2002; (3) he was then convicted of possession of a narcotic controlled substance, also in 2002; (4) he was again removed from the country in March 2003; (5) he again illegally re-entered the country and joined the conspiracy on which his conviction is based; (6) the conspiracy involved at least 25 pounds of methamphetamine and possession of a firearm; and (7) the defendant was an organizer or leader of five or more participants. (Doc. 90 at 9, 11-13; Doc. 160 at 8, 12-13). Given his history of continuing to commit increasingly serious drug offenses after previous convictions, and his history of repeatedly illegally re-entering the country to commit additional drug offenses, the Court is persuaded that the defendant remains a danger to the safety of the community were he to be released, even for deportation. The Court has considered and rejects the defendant's arguments to the contrary. (Doc. 229 at 7-8). Because a reduced sentence would be inconsistent with the Sentencing Commission's policy statement regarding public safety, such a reduction must be denied.

---

[5] Although unnecessary to the result, the Court notes that the defendant received two doses of the Pfizer vaccine in April and May 2021, (Doc. 234 at 30), which "reduces his risk both of contracting [Covid] and of suffering severe symptoms if he contracts it." *Aldissi*, 2022 WL 16488 at *2.

**IV. Section 3553(a).**

The defendant was sentenced in October 2007 to a guideline term of life imprisonment. (Doc. 90 at 16; Doc. 99 at 2). The Court later reduced his sentence to 360 months in light of Amendment 782. (Doc. 212). The BOP reflects his current projected release date as April 20, 2032, when he will be 61 years old. (Doc. 90 at 2). The Court has considered the Section 3553(a) factors in light of the record, including the nature and circumstances of the offense and the history and characteristics of the defendant (including without limitation those noted in Part III), and concludes that the defendant's existing sentence is sufficient, but not greater than necessary, to satisfy the purposes set forth in Section 3553(a). The Court therefore concludes that it would not reduce the defendant's sentence even were he otherwise eligible for such relief.[6]

For the reasons set forth above, the defendant's motion for compassionate release is **denied**.[7]

DONE and ORDERED this 20th day of January, 2022.

                                                    s/ WILLIAM H. STEELE
                                                    UNITED STATES DISTRICT JUDGE

---

[6] The defendant has completed a significant number of classes during his incarceration. (Doc. 229 at 19-20). While his initiative is to be applauded, the Court disagrees with the defendant's position that this record demonstrates he has been rehabilitated. (*Id*. at 8-9). Nor does the Court agree that his prison record merits a reduced sentence despite the seriousness of the crime of conviction, its surrounding circumstances, and the defendant's persistent defiance of this country's immigration and drug laws.

[7] The defendant seeks appointment of counsel. (Doc. 229 at 11). "[T]here is no statutory or constitutional right to counsel for a § 3582(c)(2) motion …." *United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009). Motions for compassionate release are brought pursuant to Section 3582(c)(1)(A), but the same principle applies. *United States v. Terry*, 2021 WL 3028780 at *1 (11th Cir. 2021). When, as here, the defendant competently sets forth several non-complex but potentially appropriate reasons for relief and supports them with argument and legal authority, a court does not abuse its discretion in not appointing counsel. *Id*. The defendant's request, construed as a motion for appointment of counsel, is thus **denied**.