# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | CRIMINAL NO. 06-0142-WS |
| ) | |
| GABRIEL LOPEZ,            ) | |
| ) | |
| Defendant.            ) | |

## ORDER

This matter is before the Court on the defendant's third[1] motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 243).[2]

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ….

18 U.S.C. § 3582(c)(1)(A).

Relief under this provision, known as "compassionate release," thus requires satisfaction of four elements: (1) a proper motion; (2) a finding that extraordinary and compelling reasons

---

[1] The defendant's first such motion was filed in December 2021 and denied in January 2022. (Docs. 229, 235). The defendant's second such motion was filed in January 2023 and denied in March 2023. (Docs. 240, 242).

[2] The Court has by separate order denied the defendant's embedded motion for relief under Amendment 821. (Doc. 248).

for such relief exist; (3) a finding of consistency with Sentencing Commission policy statements; and (4) favorable consideration of the Section 3553(a) factors.

## I. Proper Motion.

The defendant asserts that he fulfilled the first requirement by submitting a proper request more than 30 days before filing the instant motion. (Doc. 243 at 5). The defendant references an "Exhibit A" as reflecting his request, (*id.*), but no exhibits accompany his filing. The defendant therefore has not demonstrated that he has made request of his warden, much less that he did so on substantially the same grounds presented to the Court. *See United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021) ("[I]n order properly to exhaust, an inmate is required to present the same or similar ground for compassionate release in a request to the Bureau [of Prisons] as in a motion to the court.").[3] The Court is therefore unable to conclude that the defendant has satisfied the first requirement for compassionate release.

## II. Extraordinary and Compelling Reason.

Congress delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Commission has done so. U.S.S.G. § 1B1.13. The extraordinary and compelling reasons listed therein are the

---

[3] A small sample of lower courts reaching a similar conclusion would include: *United States v. Johnson*, 619 F. Supp. 3d 81, 88 (D.D.C. 2022); *United States v. Cooley*, 2023 WL 4669429 at *3 (M.D. Fla. 2023); *United States v. Morfin-Rios*, 2023 WL 4355341 at *2 (S.D. Cal. 2023); *United States v. Slay*, 2023 WL 2493797 at *3 (W.D.N.Y. 2023); *United States v. Hartwell*, 2022 WL 2161047 at *2 (E.D. Va. 2022); *United States v. Anderson*, 2022 WL 464558 at *1 (S.D. Ga. 2022); *United States v. Narez*, 2021 WL 5566787 at *4 (E.D. Cal. 2021); *United States v. Pierre*, 2021 WL 3509685 at *3 (E.D. La. 2021); *United States v. Winston*, 2021 WL 274484 at *1 (D. Kan. 2021); *United States v. Dodd*, 2020 WL 7396527 at *2 (E.D. Tex. 2020); *United States v. Silcox*, 2020 WL 4341758 at *2 (E.D. Tenn. 2020); *United States v. Knight*, 2020 WL 4059886 at *2 (M.D.N.C. 2020); and *United States v. Mogavero*, 2020 WL 1853754 at *2 (D. Nev. 2020). This Court has previously reached the same conclusion. *United States v. Young*, 2022 WL 1487389 at *2 (S.D. Ala. 2022).

only ones that can support compassionate release, and district courts lack power to develop others. *United States v. Bryant*, 996 F.3d 1243, 1247-48, 1264-65 (11th Cir. 2021).

The defendant advances the following, individually and cumulatively, as his extraordinary and compelling reasons for relief: (1) Executive Order 14074; (2) unidentified "changes in the law"; (3) an equal protection violation based on his status as a deportable alien; (4) the excessiveness of his sentence; (5) his acceptance of responsibility; and (6) his rehabilitation. As discussed below, neither alone nor in combination do these matters rise to the level of an extraordinary and compelling reason for a reduced sentence.

### A. Executive Order 14074.

An extraordinary and compelling reason for a reduced sentence may be found to exist, "after full consideration of the defendant's individualized circumstances," if the defendant "received an unusually long sentence[,] has served at least 10 years of the term of imprisonment[, and] a change in the law … would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6). The defendant has served over ten years of his sentence, and the Court is prepared to assume for purposes of argument that his 30-year sentence is unusually long within the contemplation of subsection (b)(6). However, the defendant has identified no relevant change in the law, much less a change that, if applied in his case, would likely result in a grossly lower sentence.

President Biden signed EO 14074 in May 2022. It is entitled, "Advancing Effective, Accountable Policing and Criminal Justice Practices to Enhance Public Trust and Public Safety." While one of its pillars is that "no one should be required to serve an excessive prison sentence," the executive order addresses this only by pledging that the administration "will fully implement the First Step Act, including by supporting sentencing reductions in appropriate cases and by allowing eligible incarcerated people to participate in recidivism reduction programming and earn time credits." The only specific steps identified in this area involve reporting and planning by the Attorney General. Nothing in EO 14074 purports to compel, authorize, or encourage sentence reductions beyond those contemplated by the First Step Act. The executive order therefore does not represent a relevant change in the law, and its post-sentencing issuance cannot support a sentence reduction of any magnitude. *See also United States v. Phillips*, 2022 WL

3268965 at *2 (E.D. Ky. 2022) ("Mr. Phillips has failed to demonstrate that the executive order binds the Court in any way, encourages the Court to take any particular action, or is even relevant in this case.").

### B. Other Changes in the Law.

The defendant alludes cryptically to "new developments pertaining to the First Step Act." (Doc. 243 at 4). His only effort at clarification is the unsupported statement that "Congress passed the First Step Act to prevent individuals like petitioner from having to serve long terms in prison." (*Id*. at 5). The only sentencing reforms enacted by the First Step Act involve: (1) changes to the mandatory minimum sentence for certain drug offenders; (2) making the Fair Sentencing Act retroactive; and (3) expanding the safety valve provision. None of these changes have any application to the defendant.

As to mandatory minimums, they are increased above the base mandatory minimum when a defendant has certain qualifying prior drug convictions, 18 U.S.C. § 841(a)(1)(A), and the First Step Act lowered the amount of the increase. Although the defendant had two prior drug convictions, (Doc. 90 at 12-13), his sentencing range was determined without considering them, and he was subject to what was then and is still the base mandatory minimum sentence of ten years. (*Id*. at 1, 16). Moreover, the defendant's sentence was based on the low end of the guideline range and was unaffected by the statutory minimum. (*Id*. at 16; Doc. 160 at 7, 13; Doc. 208 at 1).

As to retroactivity of the Fair Sentencing Act, these changes affect only defendants convicted of crack cocaine offenses. Because the defendant's offenses involved meth, these changes are inapplicable to him. As to the safety valve, the defendant was and remains ineligible for multiple reasons, including his status as an organizer or leader of a criminal activity involving five or more participants. 18 U.S.C.§ 3553(f)(4). (Doc. 90 at 11; Doc. 160 at 7).

### C. Equal Protection.

The defendant argues that, because he is a deportable alien, he received a harsher sentence than would a similarly situated American citizen. (Doc. 243 at 4). He does not suggest that his thirty-year sentence is longer than would be the case for a similarly situated citizen; instead, he complains that his ability to participate in certain programs and to reap certain

benefits while incarcerated is, because of his status, less than that of citizens.  He identifies these as:  participation in a residential drug abuse program; late-term release to community confinement pursuant to 18 U.S.C. § 3624(c); and accumulation of additional good time credits pursuant to 18 U.S.C. § 3632(d)(4).  (*Id*. at 7-8).  In support, the defendant references a "*Smith* variance" and quotes (without attribution) from the eponymous opinion of the D.C. Circuit.  (*Id*. at 6).

The Court in *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994), "conclude[d] that a downward departure may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence," including ineligibility for placement under Section 3624(c) due to Bureau of Prisons regulations.  *Id*. at 651, 655.  *Smith* is unhelpful to the defendant for multiple reasons.  First, *Smith* is not a post-sentencing change in the law, since it was handed down over a decade before the defendant was sentenced.  Second, the Eleventh Circuit, by whose holdings this Court is bound, has explicitly rejected the permissibility of a *Smith* variance.  *United States v. Veloza*, 83 F.3d 380, 382 (11th Cir. 1996); *United States v. Maung*, 320 F.3d 1305, 1308 (11th Cir. 2003) ("Our actual holding in the *Veloza* case … is that the fact a defendant's status as an alien renders him ineligible to serve any part of his sentence in a halfway house does not justify a downward departure.").  More generally, "this Court has held that a defendant's alien status does not justify a downward departure at sentencing." *Reascos-Renia v. United States*, 2017 WL 65153752 at *2 (11th Cir. 2017).

If ineligibility for community confinement (pursuant to regulations) or additional good time credits (pursuant to Section 3632(d)(4)(E)) cannot support a downward departure in fashioning a sentence, it is difficult to imagine how it could furnish an extraordinary and compelling reason to reduce a sentence already fashioned.  Indeed, the *Veloza* Court expressly deemed ineligibility under Section 3624(c) not to be "extraordinary in nature or degree."  83 F.3d at 382.[4]

---

[4] While unnecessary to resolution of the defendant's motion, the Court notes the doubtfulness of the defendant's assumption that equal protection considerations are implicated at all.  *See, e.g., Gallegos-Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012) ("As other circuits have recognized, alien prisoners with ICE detainers, such as [the defendant], cannot show that exclusion from rehabilitation programs, or from halfway house placement, establishes that alien prisoners, as an identifiable group, are being treated differently from other similarly (Continued)

### D. Other Reasons.

An extraordinary and compelling reason for a reduced sentence may be found to exist if the defendant "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the other reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."  U.S.S.G. § 1B1.13(b)(5).  The defendant offers under this provision two reasons for a sentence reduction: that his existing sentence is " extremely excessive" and that, before it was imposed, he "accept[ed] full responsibility."  (Doc. 243 at 5, 6, 7).

Subsection (b)(5) is new as of November 2023, and it has received little judicial interpretation.  Subsections (b)(1) through (4), with which any reason offered under subsection (b)(5) must be compared, require either:  (1) a serious or terminal medical or mental condition of the defendant, with accompanying difficulty caring for oneself in a prison environment; (2) advanced age of the defendant, combined with unusually serious deterioration in health due to the aging process; (3) the defendant's status as the only available caregiver for an incapacitated family member; or (4) the defendant's status as a victim of sexual or physical abuse while incarcerated.  While it is skeptical that the defendant's proffered reasons could be considered "similar in gravity" to these, the Court need not decide that issue, because his proffered reasons do not in fact exist.

The defendant has never accepted full responsibility for his actions.  First, he did not plead guilty but instead put the government to the task of proving his guilt before a jury, which it did.  Second, to avoid conviction he suborned perjury.  (Doc. 90 at 10-11; Doc. 160 at 8).  Third, at sentencing the defendant's allocution consisted of him insisting that, "[y]es, I did participate, but not in the manner in which they are saying," and that "everything that they're placing blame on me for it's, not true at all."  (*Id*. at 10).  Even the instant motion contains no words of contrition.

situated prisoners who are not aliens."); *McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999) (similar).

As noted, the Court is powerless to develop extraordinary and compelling reasons for a sentence reduction beyond those articulated by the Sentencing Commission. Prior to the adoption of subsection (b)(5), the Eleventh Circuit ruled that "excessive punishment" is not a potentially extraordinary and compelling reason. *United States v. Curtis*, 2022 WL 2866669 at *2 (11th Cir. 2022). But, the *Curtis* panel continued, even if it were, the defendant's sentence was not excessive for such purposes, because it was within the guideline range. *Id*. The defendant identifies no alternate measure of whether a sentence is "excessive" for purposes of subsection (b)(5). Because the defendant's sentence is at the low end of the guideline range, the Court concludes it is not excessive for purposes of compassionate release.

### E. Rehabilitation.

"Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d). "However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether … a reduction in the defendant's term of imprisonment is warranted." *Id*. The defendant asserts that he has "exhibit[ed] an exemplary behavior during his incarceration, with an impeccable attitude to staff officers at the prisons where he has been confined," and he concludes that he has made "significant efforts toward rehabilitation." (Doc. 243 at 4-5).

The defendant offers neither specific details nor evidentiary support for his statements, precluding the Court from accepting them at face value.[5] Even had the defendant done so, he does not describe a degree of rehabilitation that could contribute to the establishment of an extraordinary and compelling reason for a sentence reduction. Even were his rehabilitation of such a remarkable degree, Section 994(t) precludes it from being a stand-alone reason for relief and, as shown in Parts II.A through D, the defendant's other proffered reasons for relief do not contribute anything to which the defendant's rehabilitation, however great, could be

---

[5] He does not, for example, include testimonials from prison staff or others in a position to offer unbiased evaluations of the defendant's rehabilitation.

complemented in order to add up to an extraordinary and compelling reason to reduce his sentence.

### III. Policy Statements.

Even when extraordinary and compelling reasons for a sentence reduction exist, relief is statutorily prohibited unless the Court finds that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission …." 18 U.S.C. § 3582(c)(1)(A). The Commission's policy statement includes the requirement that "the court determin[e] that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). On the present record, and for reasons given in the Court's orders of January 2022 and March 2023 denying his previous motions for compassionate release, (Doc. 235 at 5; Doc. 242 at 5), the Court is unpersuaded that the defendant is no longer a danger to the community. The defendant therefore does not satisfy the third requirement for compassionate release.

### IV. Section 3553(a).

On the present record, and for reasons stated in the Court's orders of January 2022 and March 2023, the Court remains satisfied that the defendant's existing sentence is sufficient, but not greater than necessary, to satisfy the purposes set forth in Section 3553(a). The defendant therefore does not satisfy the fourth requirement for compassionate release.

### V. Conclusion.

For the reasons set forth above, the defendant's motion for compassionate release is **denied**.

DONE and ORDERED this 3rd day of May, 2024.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE