# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 06-0142-WS |
| | ) |
| GABRIEL LOPEZ, | ) |
| | ) |
| Defendant. | ) |

## ORDER

For the fourth time, the defendant seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc.147).[1] For the fourth time, his motion is due to be denied.

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ….

18 U.S.C. § 3582(c)(1)(A).

Relief under this provision, known as "compassionate release," thus requires satisfaction of four elements: (1) a proper motion; (2) a finding that extraordinary and compelling reasons for such relief exist; (3) a finding of consistency with Sentencing

---

[1] The defendant has filed three previous motions under Section 3582(c)(1)(A). (Docs. 229, 240, 243). The Court has denied each such motion. (Docs. 235, 242, 249).

Commission policy statements; and (4) favorable consideration of the Section 3553(a) factors.  The defendant satisfies none of these elements.

### I.  Proper Motion.

"[I]n order properly to exhaust, an inmate is required to present the same or similar ground for compassionate release in a request to the Bureau [of Prisons] as in a motion to the court."  *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).[2]  To establish this element, the defendant offers only his *ipse dixit* that he "exhausted his administrative remedies."  (Doc. 250 at 3).  The defendant neither encloses his request to the warden nor produces any other evidence of the fact, content, and timing of any such request.  Under these circumstances, the Court cannot find that this threshold element is satisfied.

### II.  Extraordinary and Compelling Reason.

Congress delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."  28 U.S.C. § 994(t).  The Sentencing Commission has done so.  U.S.S.G. § 1B1.13.  The extraordinary and compelling reasons listed therein are the only ones that can support compassionate release, and district courts lack power to develop others.  *United States v. Bryant*, 996 F.3d 1243, 1247-48, 1264-65 (11th Cir. 2021).

The defendant paraphrases and underlines three of the six categories of reasons provided by the Sentencing Commission, but without articulating any argument or providing any evidence as to any of them:  family circumstances, change in the law, and

---

[2] This Court has previously reached the same conclusion.  *United States v. Young*, 2022 WL 1487389 at *2 (S.D. Ala. 2022); *see also United States v. Lopez*, 2024 WL 1979437 at *1 n.3 (S.D. Ala. 2024) (collecting cases).

the catch-all provision. (Doc. 250 at 2). The defendant identifies no family circumstances at all, much less the incapacitation of a family member as required by Section 1B1.13(b)(3). The defendant correctly observes that he has served over ten years of his sentence, but he identifies no change in the law, much less a change that could form the basis for relief under Section 1B1.13(b)(6). As for "other reasons" that are "similar in gravity" for purposes of Section 1B1.13(b)(4), the defendant vaguely references his (undescribed) deteriorated health due to the Covid pandemic[3] and his statistically reduced likelihood of recidivism given his age (53), but the Court cannot accept that these glittering generalities establish circumstances as grave as those listed in Section 1B1.13(b).

### III. Policy Statements.

Even when extraordinary and compelling reasons for a sentence reduction exist, relief is statutorily prohibited unless the Court finds that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission …." 18 U.S.C. § 3582(c)(1)(A). The Commission's policy statement includes the requirement that "the court determin[e] that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2).

The defendant says he is no longer a safety risk due to his age and health. In three recent orders -- entered in January 2022, March 2023, and May 2024 -- the Court has rejected the defendant's arguments that he is not a danger the safety of the community, based in large part on his "history of continuing to commit increasingly serious drug offenses after previous convictions, and his history of repeatedly illegally re-entering the

---

[3] The defendant offers no explanation or evidence regarding his health. The Court has reviewed the post-Covid medical records the defendant submitted on prior motions, which, as it has previously explained, do not suggest, even *in toto*, a serious medical condition that substantially diminishes the defendant's ability to provide self-care. (Doc. 235 at 3-4; Doc. 242 at 3-5).

country to commit additional drug offenses." (Doc. 242 at 5; *accord* Doc. 235 at 5, Doc. 249 at 8). Nothing in the defendant's skeletal presentation alters the Court's conclusion.

### IV. Section 3553(a).

The defendant suggests that his health, age, remaining life expectancy, exposure to deportation upon release, "history of remorse," and "remarkable record of rehabilitation" all support a favorable consideration of the Section 3553(a) factors. Less than a year ago, the Court noted that the defendant has never demonstrated the slightest remorse for his actions, (Doc. 249 at 6), and the instant motion neither contains words of contrition nor points to any evidence of its existence. While the defendant claims remarkable rehabilitation, he neither submits documentation nor describes what he considers to reflect such rehabilitation.[4] On the present record, the Court remains satisfied that the defendant's existing sentence is sufficient, but not greater than necessary, to satisfy the purposes set forth in Section 3553(a).[5]

### V. Conclusion.

For the reasons set forth above, the defendant's fourth motion for compassionate release is **denied**.

---

[4] This despite the Court's previous order noting the defendant's failure to "include testimonials from prison staff or others in a position to offer unbiased evaluations of the defendant's rehabilitation." (Doc. 249 at n n.5). The defendant "requests Leave" to submit "mitigating character letters," (Doc. 250 at 9), but no such leave is necessary. In any event, all the character letters in the world could not compensate for the defendant's failure to satisfy the first two elements for relief.

[5] The defendant seeks appointment of counsel. (Doc. 250 at 11). As the Court has previously advised the defendant, there is no constitutional or statutory right to appointed counsel to pursue a motion for compassionate release. (Doc. 235 at 6 n.7). Given the defendant's inability to articulate even a colorable basis for relief that a lawyer could develop, his request, deemed as a motion, is **denied**.

DONE and ORDERED this 8th day of April, 2025.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
